UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kelvin Beard,                                        Civil No. 13-3613 (PJS/FLN)

                    Petitioner,

        v.                                           **REPORT AND RECOMMENDATION**

Denise Wilson,

                    Respondent.

_____

Kelvin Beard, *Pro Se*.
Julie Allyn, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on

Petitioner Kelvin Beard's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by a

person in federal custody (ECF No. 1) and Respondent Denise Wilson's motion to dismiss for

lack of jurisdiction (ECF No. 7). This matter was referred to the undersigned for report and

recommendation under 28 U.S.C. § 636 and Local Rule 72.1. Petitioner argues that his

classification as a career offender pursuant to United States Sentencing Guideline (U.S.S.G.) §

4B1.1 is improper due to the Supreme Court's recent decision in *Descamps v. United States*, 133

S. Ct. 2276 (2013). For the reasons set forth below, the Court concludes that it lacks subject

matter jurisdiction to consider the § 2241 petition and therefore recommends that the petition be

**DENIED** and Respondent's motion to dismiss be **GRANTED**.

## I. BACKGROUND

### A.      Factual and procedural background

On March 12, 2009, a grand jury for the Southern District of Ohio returned a superseding

indictment charging Petitioner with a total of ten offenses, including narcotic and firearms

offenses. Government Ex. 1, at 3, ECF No. 6-1. Count 1 of the superseding indictment charged Petitioner with conspiracy to distribute over five kilograms of cocaine, marijuana, and over fifty grams of cocaine base in violation of 21 U.S.C. § 846. *Id*. On May 21, 2009, Petitioner entered a guilty plea to Count 1 in accordance with a plea agreement, and the remaining counts were dismissed. *Id*. In the plea agreement, Petitioner agreed that he was responsible for between 150 to 500 grams of cocaine base. *Id*.

The United States Probation Office prepared a Presentence Investigation Report which, in accordance with the plea agreement, found Petitioner responsible for between 150 to 500 grams of cocaine and resulted in an offense level of 32. *Id*. at 4. Due to two prior controlled substance convictions (a 1996 Ohio conviction and a 1998 Georgia conviction), Petitioner was found to be a career offender. *Id*. Petitioner's offense level was ultimately determined to be 34 (after acceptance) with a resulting criminal history category of VI. Government's Resp. and Mot. to Dismiss 3, ECF No. 6. The corresponding advisory sentencing guideline range was between 262-327 months. ECF No. 6-1 at 4.

A sentencing hearing occurred on October 21, 2009. *Id*. The Government filed a 5k motion stating that Petitioner had provided substantial assistance to law enforcement and recommending a sentence of 188 months. *Id*. Petitioner was subsequently sentenced to 180 months imprisonment. *Id*. at 4-5. Petitioner did not appeal his sentence. *Id*. at 5. After the Government filed a Rule 35 motion requesting an additional sentencing reduction, the court reduced Petitioner's sentence to 140 months. *Id*. No appeal followed the re-sentencing. *Id*.

On September 14, 2011, Petitioner filed a § 2255 motion in the United States District Court for the Southern District of Ohio, arguing that he received ineffective assistance of counsel

at the sentencing stage of proceedings.[1] *Id.* at 2. Petitioner filed an additional supplemental §

2255 motion on October 23, 2012. ECF No. 6 at 3. The district court dismissed the petition,

holding that it was timed barred as the petition was filed after the mandated statutory one-year

time frame. *See generally* Government's Ex. 2, ECF No. 6-2. On May 29, 2013, Petitioner filed

a *pro se* motion to reduce his sentence, and the district court denied the motion on December 16,

2013. ECF No. 6 at 4.

**B.     The present habeas petition**

Petitioner now brings a § 2241 petition, asserting that "the recent Supreme Court

decision in *Descamps v. United States* . . . clearly established that Petitioner is suffering an

illegal sentence, because Petitioner's prior non-violent possession of marijuana with intent to

distribute doesn't have the elements of 'intent' to qualify as a predicate under the United States

Sentencing Guidelines 4B1.1 and 4B1.2." Pet. 1, ECF No. 1.

Section 4B1.1(a) of the Sentencing Guidelines mandates that a defendant is considered a

career offender if the instant offense is a violent crime or controlled substance felony and "the

defendant has at least two prior felony convictions of either a crime of violence or a controlled

substance offense." The guidelines define a "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term
> exceeding one year, that prohibits the manufacture, import, export, distribution, or
> dispensing of a controlled substance (or a counterfeit substance) or the possession

---

[1]

> Specifically, Petitioner argued that he was denied ineffective assistance of counsel
> at sentencing because (1) his attorney improperly agreed that Petitioner qualified as
> a career criminal and recommended that Petitioner not request an appeal be filed at
> sentencing, (2) his attorney failed to challenge the enhancement of his sentence for
> a leadership role in the offense, (3) his attorney failed to review the PSI with
> Petitioner prior to sentencing, and (4) his attorney failed to challenge the
> enhancement of his sentence for possession of a firearm. *See Beard v. United States*,
> No. 2:11-cv-823, 2013 WL 249837, at *1 (S.D. Ohio Jan. 23, 2013).

> of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

In *Descamps*, the Supreme Court examined a sentencing enhancement pursuant to the Armed Career Criminal Act (ACCA). 1335 S. Ct. 2276 (2013). The Court reiterated the process a sentencing court must follow when determining if a previously committed offense by the defendant is a "violent felony" under the ACCA, thus subjecting the defendant to sentencing enhancements. *Id*. The Supreme Court stated that when the statute governing the prior offense is "one not containing alternative elements" (i.e., "indivisible"), the sentencing court must restrict its examination purely to the governing statute in order to determine if the offense constitutes a violent felony within the meaning of the ACCA. *Id*. at 2281-82. The Court labeled this method as the "categorical approach." *Id*. at 2281. In contrast, the Court stated that when a statute governing a prior offense could be committed in alternate ways (i.e., "divisible"), the sentencing court may look beyond the elements set forth in the statute and examine a narrow class of documents, such as an indictment and jury instructions, to determine whether the offense is a violent felony under the ACCA. *Id*. The Court labeled this form of examination as the "modified categorical approach." *Id*. In sum, the Court clarified in *Descamps* that the modified categorical approach cannot be applied to indivisible statutes. *Id*. at 2282.

Petitioner seems to contend that his sentence was enhanced in contravention to *Descamps* because the sentencing court improperly relied on a presentence investigation report which stated that Petitioner was convicted in 1998 in Georgia of possession of marijuana with intent to distribute. ECF No. 1 at 4-5.  Relatedly, Petitioner maintains that there is no evidence to support

that he intended to distribute a controlled substance as required by § 4B1.2. In other words, Petition believes that no facts related to his 1998 Georgia conviction support the finding that he intended to distribute the marijuana found in his possession and therefore he is "actually innocent of the career enhancement." *Id*. at 5, 9; Mem. in Opp'n to Mot. to Dismiss 3, ECF No. 9.

In response, the Government argues that this Court lacks subject matter jurisdiction to address Petitioner's stated ground for relief. *See generally* ECF No. 6. Specifically, the Government maintains that the petition is, in actuality, a successive 28 U.S.C. § 2255 motion and that 28 U.S.C. § 2241 is an improper vehicle for Petitioner to assert his claim. ECF No. 6 at 6-9.

## II.  DISCUSSION

### A.      Legal standard

Sections 2241 and 2255 provide two distinct avenues for federal prisoners to challenge a conviction or sentence. Ordinarily, a petitioner seeking to challenge the imposition of a conviction or sentence must utilize § 2255, whereas a petition pursuant to § 2241 challenges the execution of a sentence. *Swehla v. Wilson*, Civ No. 13-1919 (SRN/JJK), 2013 WL 5655895, at *3 (D. Minn. Oct. 15, 2013); *Mickelson v. United States*, Civ No. 01-1750 (JRT/SRN), 2002 WL 31045849, at *2 (D. Minn. Sep. 10, 2002); *see also Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) ("A federal inmate generally must challenge a conviction or sentence through a § 2255 motion."). In other words, "[i]t is well settled [that] a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing

court under § 2255 . . . and not in a habeas petition filed in the court of incarceration." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

Section 2255, however, contains a "savings clause" which establishes a limited set of circumstances wherein the court of incarceration, not the sentencing court, may consider a constitutional challenge to the imposition of a conviction or sentence:

> An application for a writ of habeas corpus [on] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. 2255(e) (emphasis added). As the Eighth Circuit has stated, "A petitioner who seeks to challenge his sentence or conviction must generally do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (citations omitted). Furthermore, the savings clause is jurisdictional in nature. *See Hill*, 349 F.3d at 1091 (stating that the savings clause of § 2255 "provides the court of incarceration as having subject matter jurisdiction over a collateral attack on a conviction or sentence"). A federal district court does not, however, have subject matter jurisdiction over issues relating to the imposition of a conviction or sentence by another district court unless the prerequisites of the savings clause are satisfied—i.e., remedy pursuant to a § 2255 motion would be inadequate or ineffective. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curium). A petitioner seeking relief under § 2241 by invoking the savings clause bears the burden of showing that a motion under § 2255 would in fact be inadequate or ineffective. *Id*.

6

Section 2255's savings clause does not define the phrase "inadequate or ineffective." Courts, however, have interpreted the phrase narrowly. *See, e.g., Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances."). Although the Supreme Court has not articulated a specific test for determining when the savings clause may be properly invoked, the circuit courts that have addressed this issue have adopted tests with similar elements. *See, e.g., Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013); *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001); *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998). Courts have consistently found that, where a petitioner seeks to proceed under the savings clause, "the petitioner must (among other elements) show that he seeks to apply (1) a new rule of law that (2) has been found to apply retroactively." *Dunklin v. Wilson*, Civ. No. 13-2411 (PJS/JSM), 2014 WL 5464250 at * 4 (D. Minn. Oct. 27, 2014) (citations omitted). As the Eleventh Circuit stated in *Williams v. Warden, Federal Bureau of Prisons*, the "inadequate or ineffective" standard of the savings clause is only satisfied when two conditions are met:

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

713 F.3d 1332, 1343 (11th Cir. 2013). Thus, this Court must address the threshold questions of whether *Descamps* can be applied retroactively and whether it adopts a new rule of law overturning circuit court precedent. If both conditions are not satisfied, Petitioner cannot avail

himself of the savings clause and this Court lacks subject matter jurisdiction to address the §
2241 petition.

**B.     Analysis**

Petitioner argues that he properly filed his petition under § 2241 instead of § 2255
because (1) *Descamps* was decided after he filed his § 2255 motion and therefore he "had no
reasonable opportunity to obtain earlier judicial correction of the fundamental defect of his
sentence"; and (2) his claims "do not satisfy the narrow standards of a second or successive
petition under § 2255(h)." ECF No. 1 at 3. In response, the Government asserts that the petition
is actually a successive § 2255 motion and, because the savings clause is inapplicable in
Petitioner's case, his claims must be dismissed. ECF No. 6 at 4-8. The Court agrees with the
Government. Although Petitioner is challenging the imposition of his sentence in light of
*Descamps*, the requirements needed to invoke the savings clause are unsatisfied here. Therefore,
this Court concludes that it does not maintain subject matter jurisdiction over Petitioner's § 2241
petition and the Court recommends that the petition be dismissed.

**1.     *Descamps***

This Court joins with numerous other courts in concluding that *Descamps* does not apply
retroactively. *See, e.g.*, *Snyder v. Wilson*, Civ. No. 14-2047 (PAM/LIB), 2014 WL 3767845, at
*5 (D. Minn. July 31, 2014); *Dunklin*, 2014 WL 5464250, at *5. First, nowhere in the *Descamps*
opinion did the Supreme Court indicate that the decision should be applied retroactively. *See
generally Descamps*, 133 S. Ct. 2276. Furthermore, the circuit courts that have addressed this
question have found that *Descamps* should not be considered retroactive. *See Groves v. United
States*, 755 F.3d 588, 593 (7th Cir. 2014); *Wilson v. Warden, FCC Coleman*, No. 13-11560, 2014

WL 4345685, at *3 (11th Cir. Sept. 3, 2014) (per curium); *Whittaker v. Chandler*, No. 13-11280, 2014 WL 2940449, at *1 (5th Cir. July 1, 2014) (per curium).

Generally, new rules of law are not applied retroactively on collateral review. *See Teague v. Lane*, 489 U.S. 288, 310 (1989). In *Teague v. Lane*, however, the Supreme Court held that a new rule of law may be applied retroactively if it either (1) places "certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe," or (2) it is a "watershed rule of criminal procedure." *See id.* at 311. Here, the rule announced in *Descamps* does not satisfy either of the exceptions which warrant retroactive application. *Descamps* does not place the conduct for which Petitioner was convicted outside the purview of criminal law. Additionally, *Descamps* cannot be considered a watershed rule of criminal procedure as the Court's ruling in *Descamps* was dictated by prior Supreme Court precedent, including that of *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005). *See Descamps*, 133 S. Ct. at 2283-84. In *Descamps*, the Court specifically stated that its holding was based on prior precedent regarding the categorical and modified approaches: "Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case." *Id.* at 2283. Therefore, because the *Descamps* holding was based on previously established precedent, *Descamps* cannot be taken as establishing a new "watershed rule" of criminal procedure. *See United States v. McGee*, No. H-04-067-1, 2014 WL 2434186, at *3 (S.D. Tex. May 27, 2014) ("there is no conceivable basis upon which *Descamps* could meet the retroactivity test set forth in *Teague v. Lane*.").

Even if *Descamps* did apply retroactively, § 2255's savings clause is not applicable because *Descamps* is not a new rule of law that overturns binding circuit court precedent. *See Williams*, 713 F.3d at 1343. First, as stated above, *Descamps* did not adopt a new rule of law:

9

> In *Descamps* the Supreme Court was applying its existing precedent to determine that in the case before it the lower courts had erred when they applied the modified categorical approach instead of the categorical one. The result in *Descamps* is one dictated by prior precedent. *Descamps* did not break with the past to adopt a change in the law.

*Jones v. Wilson*, Civ. No. 13-2208 (JNE/JJK), 2014 WL 1874752, at *6 (D. Minn. March 26, 2014). Moreover, *Descamps* did not overturn Eighth Circuit precedent. Rather, the *Descamps* holding confirmed the Eighth Circuit's process for determining the proper approach in evaluating previous convictions for the purposes of ACCA sentencing enhancements. In *United States v. Boaz*, a case prior to the holding in *Descamps*, the Eighth Circuit addressed the differences between the categorical and modified categorical approaches:

> [I]f the predicate statute reaches a broad range of conduct, this court may expand the inquiry to review the charging papers and jury instructions, but only to determine which part of the statute the defendant violated. When a statute is broadly inclusive, but contains no alternatives in its elements, we must apply the traditional categorical approach, and application of the modified categorical approach is inappropriate.

558 F.3d 800, 808 (8th Cir. 2009) (internal citations and quotation marks omitted). The rule articulated in *Descamps* did not serve to overturn Eighth Circuit precedent, but rather confirmed the process previously employed by the Circuit as articulated in *Boaz*. Thus, Petitioner has not satisfied the requirements for invoking the savings clause of § 2255 and the Court lacks subject matter jurisdiction to grant Petitioner the relief he seeks pursuant to *Descamps*.

## 2.    Actual Innocence

Petitioner additionally seems to argue that § 2255 is inadequate or ineffective for asserting his claims because he is "actually innocent." Although Petitioner's briefing contains a multitude of complaints related to the presentence investigation, his legal representation, and the factual underpinnings of his 1998 Georgia drug conviction, Petitioner unequivocally states that

he is not challenging his conviction for the underlying predicate offense: "I am actually innocent of the career enhancement. I am not trying to fight my Georgia conviction in the federal [court]. I'm trying to fight a governmental misapplication of 4b1.1, because my P.S.I investigator should not have investigated wrong." ECF No. 9 at 4.

The Court notes, however, that in the context of collateral review "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Comstock v. United States*, No. 13-cv-1979 (JNE/JJG), 2014 WL 3384675, at *5 (D. Minn. July 10, 2014) (holding that although petitioner argued he was innocent of the sentencing enhancement, because petitioner did not show that "he was factually innocent of the predicate crime" he did not establish that § 2255 was inadequate or ineffective."); *Tignor v. Maiorana*, Civ. No. 2:13-CV-1255, 2014 WL 2547591, at *3 (W.D. La. June 4, 2014) (finding that "claims of actual innocence of being a career offender under the savings clause" are not cognizable). Petitioner's claim that he is innocent of a career offender enhancement is not the type of claim subject to review under § 2241.

In sum, Petitioner has not established that the savings clause of § 2255 applies to his *Descamps* claim. The Court therefore finds that it does not have subject matter jurisdiction over Petitioner's stated ground for relief.

### III.  RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.       The petition for writ of habeas corpus (ECF No. 1) be **DENIED**;

2.       Respondent's motion to dismiss (ECF No. 7) be **GRANTED**; and

3.       The action be **DISMISSED WITHOUT PREJUDICE**.


DATED: January 15, 2015                    *s/Franklin L. Noel*
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 30, 2015**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.