UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KELVIN D. BEARD, | Case No. 13-CV-3613 (PJS/FLN) |
| Petitioner, | |
| v. | ORDER |
| DENISE WILSON, | |
| Respondent. | |

Kelvin D. Beard, pro se.

Julie E. Allyn, UNITED STATES ATTORNEY'S OFFICE, for respondent.

Petitioner Kelvin Beard has applied for a writ of habeas corpus under 28 U.S.C. § 2241.  In a Report and Recommendation ("R&R") dated January 15, 2015,[1] Magistrate Judge Franklin L. Noel recommended that Beard's application be dismissed for lack of jurisdiction.  ECF No. 10.  Beard objected to the R&R.  ECF No. 11.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules Beard's objection and adopts the R&R.

Beard pleaded guilty in the United States District Court for the Southern District of Ohio to conspiracy to distribute large amounts of various controlled substances.  The court found him to be a career offender under U.S.S.G. § 4B1.1 and sentenced him to 180 months.  Beard did not appeal.  Later, the sentencing court reduced Beard's

---

[1] The R&R was not docketed until January 16, 2015.  ECF No. 10.

sentence to 140 months on the motion of the government.  Again, Beard did not appeal.  Over a year after his sentencing, Beard filed a motion to vacate or correct his sentence under 28 U.S.C. § 2255.  Beard's motion was denied as untimely.

Beard now seeks to challenge the use of one of his previous convictions—a 1998 Georgia drug conviction—as a predicate offense under the career-offender guideline.  As interpreted by Judge Noel, Beard makes two arguments:  First, Beard alleges that the use of the Georgia conviction runs afoul of *Descamps v. United States*, 133 S. Ct. 2276 (2013), which was decided after his § 2255 motion was denied.  Second, Beard alleges that he is "actually innocent" of being a career offender.

Challenges to the validity of a federal conviction or sentence must ordinarily be brought in the sentencing court as a motion under 28 U.S.C. § 2255.  Under § 2255's "savings clause," however, a petitioner may challenge his sentence or conviction under § 2241 if he can show that § 2255 is "inadequate or ineffective."  28 U.S.C. § 2255(e); *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).  The petitioner bears the burden of showing that § 2255 is inadequate or ineffective, which is a prerequisite to this Court's exercise of jurisdiction over his § 2241 petition.  *Id.* (petitioner bears burden of showing that § 2255 is inadequate or ineffective); *Hill v. Morrison*, 349 F.3d 1089, 1090 (8th Cir. 2003) (court of incarceration has jurisdiction over a § 2241 petition only if § 2255 is inadequate or ineffective).

*A. Change in the Law*

Beard first argues that § 2255 is inadequate or ineffective because *Descamps v. United States*, 133 S. Ct. 2276 (2013), was not decided until after his conviction became final and his § 2255 motion was denied.[2] The Court agrees with Judge Noel, however, that the unavailability of *Descamps* at the time of Beard's original conviction and § 2255 proceeding does not demonstrate that § 2255 is inadequate or ineffective. As numerous courts have observed, *Descamps* did not represent a change in the law. *See United States v. Montes*, 570 Fed. Appx. 830, 831 (10th Cir. 2014); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014). Indeed, in *Descamps* itself, the Supreme Court said that it was reversing the lower court because that court's decision "contravene[d] our prior decisions and the principles underlying them." 133 S. Ct. at 2282. There is absolutely no reason why Beard could not have made a claim of *Descamps*-type error in his original § 2255 proceeding.[3] The fact that Beard's § 2255 motion was dismissed as untimely does

---

[2]It appears that all of Beard's challenges to his career-offender status constitute "ordinary questions of guideline interpretation" that are not cognizable under § 2255. *See Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citations and quotations omitted). The Court has previously explained why this circumstance does not render § 2255 inadequate or ineffective. *See Wilson v. Wilson*, No. 13-3285, 2014 WL 3048476, at *1-2 (D. Minn. July 7, 2014).

[3]That said, the Court notes that Beard's *Descamps* argument would not have been successful. Indeed, Beard appears to misunderstand *Descamps*. In *Descamps*, the Supreme Court held that the district court had erred by consulting additional court records to determine the nature of the underlying conviction. Beard, by contrast, seems

(continued...)

not change the result.  *Abdullah*, 392 F.3d at 959 (§ 2255 is not inadequate or ineffective just because a remedy under that section is time-barred).

Although Beard did not cite it, there is another recent Supreme Court case that is somewhat more relevant and that, like *Descamps*, was decided after Beard's § 2255 motion was denied.  In *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), the Supreme Court held that a Georgia conviction for possession of marijuana with intent to distribute—the very same offense that serves as one of Beard's predicate career-offender convictions—did not qualify as an "aggravated felony" within the meaning of the Immigration and Nationality Act ("INA").  While Beard did not cite *Moncrieffe*, he did cite a Fifth Circuit case along the same lines.  *See* ECF No. 1 at 5 (citing *Jordan v. Gonzales*, 204 Fed. Appx. 425 (5th Cir. 2006)).  The Court therefore considers whether the unavailability of *Moncrieffe* at the time of Beard's § 2255 motion renders § 2255 inadequate or ineffective.

---

³(...continued)
to contend that the district court should have examined additional records related to his Georgia conviction in order to find that he did not actually commit the crime of which he was convicted.  Beard's argument is legally meritless, and it has nothing to do with the holding of *Descamps*.  This is yet another reason why Beard cannot show that § 2255 is inadequate or ineffective.

As noted, the petitioner in *Moncrieffe*, like Beard, had been convicted of possession of marijuana with intent to distribute under Ga. Code § 16-13-30(j)(1).[4] The question before the Court was whether that conviction would qualify as a felony under the federal Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801 et seq., which is necessary for it to be considered an "aggravated felony" under the INA. *See Moncrieffe*, 133 S. Ct. at 1683.

Under the CSA, possession of marijuana with intent to distribute is not a felony (but merely a misdemeanor) so long as the offense involves only a "small amount" of marijuana distributed for "no remuneration." *See* 21 U.S.C. § 841(b)(4). By contrast, under Ga. Code § 16-13-30(j)(1), possession of a small amount of marijuana with intent to distribute for no remuneration is a felony. *Moncrieffe*, 133 S. Ct. at 1686-87. For that reason, the Court held, a felony conviction under the Georgia statute would not necessarily qualify as a felony under the CSA and therefore does not qualify as an "aggravated felony" under the INA. *Moncrieffe*, 133 S. Ct. at 1693-94.

---

[4]Beard seems to suggest that he may have been convicted under some other subsection of Ga. Code § 16-13-30. (All citations to Georgia statutes are to the versions that were in effect at the time of Beard's April 1998 offense.) The transcript of Beard's plea colloquy, however, establishes beyond dispute that he was charged and convicted of possession of marijuana with intent to distribute, which corresponds to subsection (j)(1) of that statute and which carries a maximum term of ten years in prison. *See United States v. Collins*, 581 Fed. Appx. 592, 594 (8th Cir. 2014) (court may look to transcript of plea colloquy to determine the precise statute and subsection to which the defendant pleaded guilty).

Here, however, the question is not whether Beard's conviction under Ga. Code § 16-13-30 is an "aggravated felony" under the INA. Instead, the question is whether it is a "controlled substance offense" under the career-offender provisions of the Guidelines. Unlike the INA, the career-offender provisions do not require that a predicate drug offense qualify as a federal felony. Instead, it is sufficient if Beard was convicted of "an offense under . . . state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance . . . with intent to . . . distribute . . . ." U.S.S.G. § 4B1.2(b).

As stated earlier, there is no doubt that Beard was convicted of possession of a controlled substance with intent to distribute and that this offense was punishable by imprisonment for a term exceeding one year. *See* ECF No. 1-1 at 3-4 (transcript of plea colloquy); Ga. Code § 16-13-30(j)(2) (providing that a violation of § 16-13-30(j)(1) is a felony punishable by one to ten years in prison). Accordingly, Beard's Georgia conviction clearly qualifies as a "controlled substance offense" under §§ 4B1.1 and 4B1.2. The fact that it may not also correspond to a federal felony under the CSA is not relevant under the Guidelines.[5] *Moncrieffe* is therefore of no help to Beard, and its

---

[5]*See Pittman v. United States*, No. 14-1064, 2014 WL 3735918, at *4 (M.D. Tenn. July 29, 2014) ("The sentencing guidelines do not include a requirement that the underlying convictions qualify as felonies under federal law."); *Blackmon v. United States*, No. 13-6797, 2014 WL 2751036, at *5 (S.D.N.Y. June 10, 2014) (*Moncrieffe* was not applicable because "the term 'controlled substance offense' in the sentencing guidelines
(continued...)

unavailability at the time of Beard's § 2255 proceeding does not establish that § 2255 is inadequate or ineffective.

### B. Actual Innocence

Beard next claims that he is "actually innocent" of being a career offender. His main argument seems to be that his Georgia conviction for possession of marijuana with intent to distribute does not qualify as a predicate offense under U.S.S.G. §§ 4B1.1 and 4B1.2—an argument that the Court has already rejected. Although he claims that he is not challenging the validity of his Georgia conviction, he also seems to suggest that he is *factually* innocent of having had any intent to distribute marijuana and that his guilty plea to that offense was infected by various constitutional errors.

The Eighth Circuit has not yet decided whether a claim of "actual innocence" may permit a petitioner to challenge his sentence or conviction under § 2241. *Abdullah*, 392 F.3d at 959-60. Even if the Eighth Circuit would recognize an "actual innocence" exception to the exclusivity of § 2255, however, that exception would not encompass a claim of *legal* innocence of being a career offender. *United States v. Brown*, 456 Fed. Appx. 79, 81 (3d Cir. 2012) (per curiam) (petitioner's claim that he was "actually

---

⁵(...continued)
is not governed by the INA"); *Dumas v. United States*, No. 06-20402, 2013 WL 1914329, at *4 (E.D. Mich. May 8, 2013) ("Unlike the INA, however, a particular state offense need not proscribe conduct punishable as a felony under the CSA to constitute a 'controlled substance offense' under the sentencing guidelines.").

innocent" of being a career offender was not sufficient to establish that § 2255 was inadequate or ineffective); *cf. United States v. Lurie*, 207 F.3d 1075, 1077 n.4 (8th Cir. 2000) ("Claims of 'actual innocence' are extremely rare and are based on 'factual innocence not mere legal insufficiency.'" (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998))). Moreover, Beard appears to have raised this very claim in his § 2255 proceeding, which belies any argument that § 2255 is inadequate or ineffective. *See Beard v. Ohio*, No. 09-0033, 2013 WL 1281929, at *1 (S.D. Ohio Mar. 27, 2013) ("Petitioner also has attached documents relating to his prior 1998 conviction in the State of Georgia on a charge of possession of marijuana with intent to distribute, which he contends the Court improperly used to enhance his sentence in this case.").[6]

Assuming that Beard is claiming that he is *factually* innocent of possession of marijuana with intent to distribute (or that some other error renders that conviction invalid), Beard cannot collaterally attack a predicate offense in this proceeding. "Generally, defendants may not collaterally attack prior convictions used for sentencing enhancements" unless the prior conviction was uncounseled. *Moore v. United States*, 178 F.3d 994, 997 (8th Cir. 1999). Beard does not contend that he was not represented by an attorney during the Georgia prosecution—to the contrary, he complains about the

---

[6]The fact that the State of Ohio is named as the respondent in the order denying Beard's § 2255 motion appears to be a typographical error.

performance of his attorney[7]—and therefore Beard cannot challenge the validity of the Georgia conviction in this forum. *Cf. Custis v. United States*, 511 U.S. 485, 487 (1994) (defendants may not, during federal sentencing proceedings, collaterally attack prior state-court convictions used to enhance sentences under the Armed Career Criminal Act unless the conviction was uncounseled); *Daniels v. United States*, 532 U.S. 374, 376 (2001) (*Custis* bar applies in § 2255 proceedings); *United States v. El-Amin*, 574 F.3d 915, 927-28 (8th Cir. 2009) (applying *Custis* bar to career-offender enhancement challenge).

### C. Constitutionality of the Armed Career Criminal Act's Residual Clause

Finally, in his objection, Beard directs the Court's attention to the fact that the Supreme Court has recently asked for briefing on the constitutionality of a provision of the Armed Career Criminal Act ("ACCA"). Specifically, the Supreme Court has requested briefing on the constitutionality of the ACCA's residual clause, which defines "violent felony" to include crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another . . . ." 18 U.S.C. § 924(e)(2)(B)(ii).

---

[7]A defendant may not collaterally attack a prior conviction used for a sentence enhancement unless there was a "failure to appoint counsel *at all*." *Custis v. United States*, 511 U.S. 485, 496 (1994) (emphasis added). As long as an attorney represented the defendant, the defendant may not collaterally attack the prior conviction, even if the attorney's performance was so poor that the defendant was "deni[ed] . . . effective assistance of counsel . . . ." *Id.* It also makes no difference if "his guilty plea was not knowing and intelligent . . . ." *Id.*

Although Beard was not sentenced under the ACCA, the career-offender guideline contains a similar residual clause.  See U.S.S.G. § 4B1.2(a)(2).  Nevertheless, the constitutionality of that clause is irrelevant to Beard's case.  Beard's Georgia drug conviction was not classified as a predicate offense under the residual clause of the career-offender guideline.  Instead, Beard's conviction was treated as a predicate offense because the sentencing court found it to be a controlled-substance offense within the meaning of U.S.S.G. § 4B1.2(b).  The constitutionality of § 4B1.2(b) is not in doubt.

For these reasons, Beard's objection is overruled.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES the objection of petitioner Kelvin D. Beard [ECF No. 11] and ADOPTS the R&R [ECF No. 10].  Accordingly, IT IS HEREBY ORDERED THAT:

1. Respondent's motion to dismiss [ECF No. 7] is GRANTED.

2. Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 10, 2015                s/Patrick J. Schiltz
                                        Patrick J. Schiltz
                                        United States District Judge